IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Bryan Acuff, Richard Bradley Adkins, Raymond Adkisson Gabriel Archer, Michael Ashe, Gregory Seth Augustin, Eric Baker, Mike Baker, Gerardo Blair, Horace Blakely, Jr., Charles Branner, Jr., John L. Brown, Jr., Crystal Butcher, Michael Butcher, Thomas E. Butler, Marcus Caldwell, Roger Cantrell, James Richard Clark, Jr., Kevin Coffman, Brandon Confer, James T. Crippen, James L. Davis, James E. Drake, Jr., Charles E. Dubose, Lee M. Ellam, Leonard D. Ervin, David A. Farmer, Roger Faulkner, John M. Fellers, Jimmy Felton, Jason Grimes, Robert J. Harris, Jr., Anthony Haynes, James Hazelhurst, Alberto Herrera, Jay Holt, James William Hughes, Jared Hughett, Jonathan Jacobs, Shelley L. Jeffers, Kenneth A. Johnson, Owen R. Johnson, Rene Keck, Franklin Wayne Lawson, Dennis L. Long, George W. Martin, Danny McGrew, Daniel McKeehan, Charles E. Mitchell, William C. Moody, Brent Murphy, Todd M. O'Neal, Shane L. Peoples, Darrell G. Renfro, Billy Richmond, Anthony G. Ridenour, Don Robinson, Charles M. Rose, Jesse Lee Sanders, John Michael Scott, Michael Ray Smith, Dameon Splawn, Jackie A. Stinson, Jacob Stooksbury, Julie Tache, Andria Tenry, Denver Tharp, Javier Rivera Velez, Don E. Walker, II, Phillip C. Walker, Brian K. Wallace, Daniel S. Wesner, Tony F. White, and Jerry L. York,<br><br>    Plaintiffs,<br><br>vs.<br><br>G4S Government Solutions, Inc., d/b/a WSI – Oak Ridge,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No: 3-14-cv-337<br>)   (VARLAN/GUYTON)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED COMPLAINT

Plaintiffs, by and through counsel, hereby set forth their Second Amended Complaint (with Defendant's consent) against G4S Government Solutions, Inc., as follows:

### I. INTRODUCTION

1. Plaintiffs bring this action against G4S Government Solutions, Inc. ("G4S") for legal relief to redress unlawful violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §201, et seq., and specifically the collective action provision of the Act found at §216(b), to remedy violations of the wage provisions of the Act by the Defendant which have deprived the named Plaintiffs of their lawful wages. This suit is brought on behalf of the named Plaintiffs pursuant to §216(b) of the Act.

2. This action is brought to recover unpaid hourly overtime compensation owed to the Plaintiffs pursuant to the FLSA. Plaintiffs have been employed by the Defendant as non-exempt employees. Specifically, Plaintiffs worked as security police officers for Defendant under contract with the federal government in Oak Ridge, Tennessee at the Y-12 plant and Oak Ridge National Lab.

3. During the three-year period prior to the filing of this complaint, Defendant committed violations of the FLSA by requiring and/or suffering and/or permitting their employees, including Plaintiffs to work in excess of forty hours per week without receiving all overtime pay at a rate of one and a half times higher than their regular rate of pay as required by law.

4. Plaintiffs who have elected to participate in this action seek injunctive and declaratory relief; overtime premium for all overtime work required, suffered or permitted by Defendant; liquidated damages; prejudgment and post-judgment interest; attorney's

fees; costs; and all other damages permitted by 29 U.S.C. §216(b) or other sections of the FLSA.

## II. THE PARTIES

5. Plaintiffs currently reside or formerly resided in the Eastern District of Tennessee and are citizens of the United States. Plaintiffs for the purposes of this civil action were employed during part of three years prior to the filing of this action until October 31, 2012.

6. During their employment with Defendant, Plaintiffs were paid an hourly rate of pay as security police officers. While employed by Defendant, Plaintiffs regularly worked in excess of 40 hours per week, but did not receive all overtime compensation to which they were entitled under the Act.

7. At all times material to this action, Plaintiffs were "employees" of the Defendant as defined by §203(e)(1) of the FLSA and worked for Defendant within the territory of the United States, specifically in the Eastern District of Tennessee, part of the three-year period preceding the filing of this lawsuit. These same individuals are further covered by §207 of the FLSA for the period in which they were employed by Defendant.

8. Defendant is a Florida corporation which provides contract security services for the federal government and had its place of business at 161 Mitchell Road, Oak Ridge, Tennessee 37830. G4S's registered agent for service of process is Prentice Hall Corporation System, Inc., 2908 Poston Avenue, Nashville, Tennessee 37203. Plaintiffs will serve Defendant through Waiver of Service of Summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

9. Defendant, G4S, was the employer of the named Plaintiffs as defined by Section 203(d) of the FLSA.

10. Defendant is subject to personal jurisdiction in the State of Tennessee for the purposes of this lawsuit.

11. The overtime provisions set forth in §207 of the FLSA govern the business operations and activities of and apply to Defendant's business.

### III. JURISDICTION AND VENUE

12. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, federal question jurisdiction, and pursuant to 29 U.S.C. § 216(b).

13. Venue is proper in the Eastern District of Tennessee where all violations occurred and where Defendant's place of business was located.

### IV. VIOLATIONS OF THE FLSA

14. Defendant has intentionally and repeatedly engaged in a practice of improperly and unlawfully failing to pay Plaintiffs, in violation of the provisions of the FLSA and corresponding federal regulations. Plaintiffs' jobs consisted of providing security for federal facilities.

15. Defendant has intentionally and repeatedly engaged in the practice of under-reporting the hours worked by these non-exempt security police officer employees in violation of the provisions of the FLSA. In addition, Defendant's agents and/or employees have required all Plaintiffs to engage in work before the designated starting time and, for some Plaintiffs, after the designated quitting time to perform miscellaneous work activities.

16. By its actions alleged herein, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

17. Defendant willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA as detailed herein, by preventing or endeavoring to prevent the proper compensation of Plaintiffs in accordance with §207 of the FLSA.

Defendant has intentionally and repeatedly engaged in the practice of under-reporting hours worked by these non-exempt security police officer employees in violation of the provisions of the FLSA. In addition, Defendant's agents and/or employees have required Plaintiffs to do the following:

    a) work off the clock when performing miscellaneous work activities;

    b) engage in waiting time and walking time prior to Guard Mount without counting the time as hours worked after performing the first principal work activities to begin the work day and not counting the time as hours worked before the last work activities at the conclusion of the work day.

## V. SCOPE OF DEFENDANT'S LIABILITY

18. Plaintiffs bring this action on behalf of these former security police officer employees of Defendant's who have been improperly compensated in violation of the FLSA.

19. Plaintiffs were employed directly by Defendant as security police officers.

20. Defendant issued payroll checks to Plaintiffs during their employment with Defendant. Plaintiffs were not compensated for all overtime compensation to which they were entitled under the FLSA.

21. As a result of the Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive their lawful overtime wages in accordance with Section 207 of the FLSA and 29 C.F.R. §778.315.

22. Defendant has made neither a good faith effort to comply with the FLSA nor did it have reasonable grounds to believe it was compliant with the FLSA at the commencement of and during the three years prior to the filing of the Complaint with respect to their compensation of Plaintiffs.

23. As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of their rightful overtime compensation in an amount to be determined at trial;

and they are entitled to recovery of such amounts; declaratory and injunctive relief; liquidated damages; pre-judgment interest and post-judgment interest; attorney's fees, costs, and all other compensation and relief permitted by the FLSA.

24. Contemporaneously with the filing of this complaint, Plaintiffs have filed their Consent to Become Party Plaintiff forms, attached hereto as **Collective Exhibit A.** Contemporaneously with the Second Amended Complaint, Plaintiffs have filed additional Consent to Become Party Plaintiff forms for five additional Plaintiffs as **Collective Exhibit C.**

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

1. That the Court enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. That an injunction issue against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in the unlawful practices, policies and patterns set forth herein in violation of FLSA;

3. That Plaintiffs be awarded damages, including liquidated damages, for all unpaid straight time and/or overtime compensation owed to them under the FLSA in an amount to be determined at trial;

4. Costs and expenses for this civil action, including reasonable attorney's fees and expert fees;

5. Pre-judgment and post-judgment interest, as provided by law;

6. Such other and further legal and equitable relief as this court deems necessary, just, and proper.

Respectfully submitted this 18th day of September, 2014.

> s/Garry Ferraris
> Garry Ferraris (BPR#016086)
> Attorney for Plaintiffs
> 127 W. Jackson Avenue, Suite 306
> Knoxville, TN 37902
> (865)584-7720

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of September, 2014, a copy of the foregoing Second Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may gain access to this filing through the Court's electronic filing system.

> s/ Garry Ferraris
> Garry Ferraris (BPR#016086)
> Attorney for Plaintiffs
> 127 W. Jackson Avenue, Suite 306
> Knoxville, TN 37902
> (865)584-7720