Bryan Acuff, Richard Bradley Adkins, Raymond )
Adkisson, Gabriel Archer, Michael Ashe, Gregory )
Seth Augustin, Eric Baker, Mike Baker, Gerardo )
Blair, Horace Blakely, Jr., Charles Branner, Jr., )
John L. Brown, Jr., Crystal Butcher, Michael )
Butcher, Thomas E. Butler, Marcus Caldwell, )
Roger Cantrell, James Richard Clark, Jr., Kevin )
Coffman, Brandon Confer, James T. Crippen, )
James L. Davis, James E. Drake, Jr., Charles E. )
Dubose, Lee M. Ellam, Leonard D. Ervin, David A. )
Farmer, Roger Faulkner, John M. Fellers, Jimmy )
Felton, Jason Grimes, Robert J. Harris, Jr., )
Anthony Haynes, James Hazelhurst, Alberto ) Civil Case No. 3:14-CV-337
Herrera, Jay Holt, James William Hughes, Jared )
Hughett, Jonathan Jacobs, Shelley L. Jeffers, )
Kenneth A. Johnson, Owen R. Johnson, Rene Keck, )
Franklin Wayne Lawson, Dennis L. Long, George )
W. Martin, Danny McGrew, Daniel McKeehan, )
Charles E. Mitchell, William C. Moody, Brent )
Murphy, Todd M. O'Neal, Shane L. Peoples, )
Darrell G. Renfro, Billy Richmond, Anthony G. )
Ridenour, Don Robinson, Charles M. Rose, Jesse )
Lee Sanders, John Michael Scott, Michael Ray )
Smith, Dameon Splawn, Jackie A. Stinson, Jacob )
Stooksbury, Julie Tache, Andria Tenry, Denver )
Tharp, Javier Rivera Velez, Don E. Walker, II, )
Phillip C. Walker, Brian K. Wallace, Daniel S. )
Wesner, Tony F. White, and Jerry L. York, )
 )
    Plaintiffs, )
 )
v. )
 )
 )
G4S Government Solutions, Inc. )
d/b/a WSI – Oak Ridge, )
 )
    Defendant. )

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between

Bryan Acuff, Richard Bradley Adkins, Raymond Adkisson, Gabriel Archer, Michael Ashe, Gregory Seth

Augustin, Eric Baker, Mike Baker, Gerardo Blair, Horace Blakely, Jr., Charles Branner, Jr., John L. Brown, Jr., Crystal Butcher, Michael Butcher, Thomas E. Butler, Marcus Caldwell, Roger Cantrell, James Richard Clark, Jr., Kevin Coffman, Brandon Confer, James T. Crippen, James L. Davis, James E. Drake, Jr., Charles E. Dubose, Lee M. Ellam, Leonard D. Ervin, David A. Farmer, Roger Faulkner, John M. Fellers, Jimmy Felton, Jason Grimes, Robert J. Harris, Jr., Anthony Haynes, James Hazelhurst, Alberto Herrera, Jay Holt, James William Hughes, Jared Hughett, Jonathan Jacobs, Shelley L. Jeffers, Kenneth A. Johnson, Owen R. Johnson, Rene Keck, Franklin Wayne Lawson, Dennis L. Long, George W. Martin, Danny McGrew, Daniel McKeehan, Charles E. Mitchell, William C. Moody, Brent Murphy, Todd M. O'Neal, Shane L. Peoples, Darrell G. Renfro, Billy Richmond, Anthony G. Ridenour, Don Robinson, Charles M. Rose, Jesse Lee Sanders, John Michael Scott, Michael Ray Smith, Dameon Splawn, Jackie A. Stinson, Jacob Stooksbury, Julie Tache, Andria Tenry, Denver Tharp, Javier Rivera Velez, Don E. Walker, II, Phillip C. Walker, Brian K. Wallace, Daniel S. Wesner, Tony F. White, and Jerry L. York, and G4S Government Solutions, Inc. d/b/a WSI Oak Ridge ("WSI Oak Ridge"), its parents, subsidiaries, affiliates, all related business entities, predecessors, successors, assigns, agents and their current and former directors, officers, employees and attorneys (hereafter collectively referred to as "Defendant") (and collectively with the Plaintiffs referred to as the "Parties"), and it is made with respect to the following:

WHEREAS, Plaintiffs have alleged that Defendant failed to compensate them in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

WHEREAS, Plaintiffs have alleged that they are owed overtime compensation under the FLSA from Defendant and have sought relief for said compensation in this lawsuit styled *Bryan Acuff, et al. v. G4S Government Solutions, Inc. d/b/a WSI Oak Ridge*, United States District Court for the Eastern District of Tennessee, Case No: 3:14-cv-00337 TAV-HBG (hereinafter the "Lawsuit"); and

WHEREAS, Defendant denies that if failed to pay overtime to Plaintiffs and denies that it has violated the FLSA; and

2

WHEREAS, there are seventy-four (74) total Plaintiffs, fifty-eight (58) of whom worked as Security Police Officers solely at the Y-12 National Security Complex ("Y-12") and twelve (12) of whom worked as Security Police Officers solely at the Oak Ridge National Laboratory ("ORNL") and two (2) of whom worked at both facilities.

WHEREAS, the Parties have considered that the interests of all concerned are best served by the settlement and dismissal of the Lawsuit, with prejudice, and have concluded that the terms of this Agreement are fair, reasonable and adequate:

It is therefore hereby STIPULATED AND AGREED among the Parties as follows:

1.  **Payment.**  As full and complete satisfaction of Plaintiffs' claims for overtime and liquidated damages brought under the FLSA, Defendant agrees to pay Plaintiffs the sum of Four Hundred Ninety Thousand Five Hundred Eighty-One and 14/100 Dollars ($490,581.14) ("Settlement Payment") for back pay, liquidated damages, attorney's fees and expenses. The Settlement Payment will be allocated, and paid, as follows: (1) Three Hundred Thirty-Two Thousand Seven Hundred Twenty and 76/100 Dollars ($332,720.76) will be paid to Plaintiffs to be divided equally between back pay and liquidated damages; and (2) One Hundred Fifty-Seven Thousand Eight Hundred Sixty and 38/100 Dollars ($157,860.38) will be paid to Plaintiffs' counsel for his attorney's fees and expenses. The portion of the Settlement Payment to the Y-12 Plaintiffs shall represent the amount of back pay and liquidated damages due for those Plaintiffs' unpaid pre-shift and post-shift activities for the week ending July 24, 2011 through the week ending October 28, 2012. The portion of the Settlement Payment to the ORNL Plaintiffs shall represent the amount of back pay and liquidated damages due for Plaintiffs unpaid pre-shift activities for the week ending July 24, 2011 through the week ending March 28, 2013. Defendant's entire obligation for back pay, liquidated damages, attorney fees and expenses will not exceed Four Hundred Ninety Thousand Five Hundred Eighty-One and 14/100 Dollars ($490,581.14). The preceding entire obligation may be exceeded if errors in allocation to individual Plaintiffs are discovered which may corrected by mutual agreement before execution of any affected Plaintiff's release.

2. **Allocation to Each Plaintiff**. The Back Pay and Liquidated Damages will be allocated to individual Plaintiffs in the manner set forth in Exhibit A to the Settlement Agreement, which is incorporated herein by reference as if copied verbatim. The Back Pay and Liquidated Damages will be payable on or before forty-five (45) calendar days following the Court's approval of the Settlement Agreement. After forty-five (45) calendar days interest shall accrue and be payable by Defendant to Plaintiffs and their attorney at the rate of 12 percent per annum. Defendant shall make the necessary federal and state withholdings with respect to Plaintiffs' back pay portion of the payment. Defendant will issue the appropriate 1099 tax forms to each individual Plaintiff with respect to the liquidated damages portions of the payments. The Plaintiffs acknowledge that they are not entitled to receive their share of the Back Pay and Liquidated Damages as shown on Exhibit A unless they sign this Release Agreement.

3. **Each Party is Responsible for Its Share of Taxes**. The Plaintiffs understand and acknowledge that they are solely and entirely responsible for the timely reporting, paying, and discharging all federal, state and local taxes, penalties and interest, if any, which may be found to be due upon payment required by this Settlement Agreement. The Plaintiffs agree to indemnify and hold harmless Defendant against any claims for each Plaintiff's share of income taxes, penalties and interest, which may be found to be due upon such payment required by this Settlement Agreement. Likewise, the Defendant agrees to indemnify and hold harmless Plaintiffs against any claims for Defendant's share of payroll taxes, FICA, unemployment taxes or any other taxes, penalties and interest which may be found to be due upon such payment required by this Settlement Agreement.

4. **Release**. In exchange for the payment and other consideration set forth herein, the receipt, adequacy and sufficiency of which are hereby acknowledged, the Plaintiffs on behalf of themselves, their agents, representatives, assigns, attorneys, heirs, executors and administrators (collectively "Plaintiffs") release Defendant from any and all controversies, claims, demands, promises, actions, suits, grievances, proceedings, complaints, charges, liabilities, damages, debts, allowances, costs, expenses, attorneys' fees, and remedies of any type that Plaintiffs may have arising out of or in connection with their rights under the FLSA, whether such claim was or could have been asserted in this

4

action. This Agreement applies to FLSA claims that Plaintiffs know about or reasonably should know about occurring at any time on or before the execution of this Agreement.

5. **Attorney Fees**. Within forty-five (45) calendar days of the approval by the Court of this Settlement Agreement, as specified in Section 7 below, Defendant will pay Plaintiffs' reasonable attorney's fees and expenses to Plaintiffs' counsel Garry Ferraris in the total amount of One Hundred Fifty-Seven Thousand Eight Hundred Sixty and 38/100 Dollars ($157,860.38).

6. **Necessary Approval**. The parties agree and understand that this Settlement Agreement shall not create any obligations for either the Plaintiffs or Defendant until it has been approved by the Plaintiffs and the Department of Energy's Oak Ridge Operations ("DOE–ORO").

7. **Court Approval**. Upon execution of this Settlement Agreement and subsequent approval by the Plaintiffs and DOE-ORO, the Parties agree to petition the Court to approve the terms of the Settlement Agreement and enter a dismissal of the case with prejudice. Should the Court not approve this Settlement Agreement in its entirety, this Settlement Agreement shall be null and void.

8. **Undistributed Settlement Proceeds**. The parties agree that should there be any undistributed settlement proceeds, to the extent any exist after a period of one year from the date of the Court's approval of this Settlement Agreement, the parties will cooperate in seeking the Court's guidance on the ultimate disposition of such undistributed settlement proceeds.

9. **Reasonable Steps to Effectuate Settlement**. The Parties agree to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement, and any other steps and efforts that may become necessary by order of the Court or otherwise, to effectuate this settlement.

10. **Entire Agreement**. This Settlement Agreement constitutes the entire agreement between the Parties hereto and represents the full and final resolution of any and all FLSA claims that Plaintiffs know about or reasonably should know about at any time on or before the execution of this Settlement Agreement that were or could have been raised in Plaintiffs' Complaint. The Parties agree that this Settlement Agreement supersedes any and all previous oral or written agreements that the Parties may have concerning this matter. No amendment or modification to this Settlement Agreement shall be valid

unless made in writing and signed by the Plaintiffs and a duly authorized representative of Defendant. With the exception of the release of FLSA claims asserted in this Lawsuit and addressed in Section 4 above, if any one or more provisions of this Settlement Agreement should be held invalid, illegal, or unenforceable, such invalidity, illegality or unenforceability shall not affect any other provision herein, and this Settlement Agreement shall be construed by disregarding the invalid, illegal, or unenforceable provision or provisions. If Section 4 above is unenforceable or is held to be unenforceable with respect to the release of FLSA claims asserted in this Lawsuit, the Parties understand and agree that the remaining provisions of the Settlement Agreement shall be rendered null and void and that neither party shall have any further obligations under the Settlement Agreement.

11. **No Admission of Liability**. This Settlement Agreement had been made and entered into in settlement of disputed claims and solely to avoid the burdens of litigation. This Settlement Agreement does not constitute an admission of guilt, liability, or wrongdoing of any kind by Defendant. The Parties agree that this Settlement Agreement is not evidence, and shall not raise and inference or otherwise be construed to state, imply, or suggest that Defendant engaged in any unlawful or wrongful conduct.

12. **Submission to District Court for Approval**. This Settlement Agreement will be jointly submitted by the Parties to the Court for approval and for the issuance of the accompanying Final Order and Judgment dismissing the Lawsuit with prejudice; provided, however, that the Court will retain jurisdiction for the purpose of enforcing compliance with the terms of this Settlement Agreement under federal law.

13. **Plaintiffs' Execution of This Settlement Agreement Is Knowing and Voluntary**. The Plaintiffs' acknowledge that they have received a copy of this Settlement Agreement; that they have had a reasonable time to review it; that they have read and understand all the terms, conditions and effect thereof; that they have been advised to consult with and have, in fact, consulted with their counsel prior to executing this Settlement Agreement; that they have executed this Settlement Agreement knowingly and voluntarily; that they do not rely upon any representations that may have been made by either Defendant, their attorneys, or any other party concerning this Settlement Agreement other than those made in this

6

Settlement Agreement; and that the consideration they are receiving under this Settlement Agreement is in addition to anything of value to which they are already entitled.

14. **Applicable Law and Jurisdiction**. This Settlement Agreement is made and entered into in the State of Tennessee and shall in all respects be interpreted, enforced and governed under the laws of the State of Tennessee and the FLSA. Any action to enforce this Settlement Agreement shall be brought in this Court.

IN WITNESS WHEREOF, the Parties have knowingly and voluntarily executed this Settlement Agreement on the dates specified below.

Dated: 1/6/2017

Garry Ferraris
Attorney for Plaintiffs

Dated: 01/05/2017

Edward G. Phillips
Kramer Rayson, LLP
Attorneys for Defendant

Note: Plaintiffs' signatures are attached on separate pages.

## EXHIBIT A

| | Name | Total Amount |
|---|---|---|
| 1. | Bryan Acuff | $ 5,884.74 |
| 2. | Richard Bradley Adkins | 3,285.84 |
| 3. | Raymond Adkisson | 6,174.84 |
| 4. | Gabriel Archer | 3,333.92 |
| 5. | Michael Ashe | 3,454.38 |
| 6. | Gregory Augustin | 3,845.14 |
| 7. | Eric Baker | 8,352.96 |
| 8. | Mike Baker | 5,672.66 |
| 9. | Gerardo Blair | 7,771.46 |
| 10. | Horace Blakely, Jr. | 3,631.88 |
| 11. | Charles Branner, Jr. | 3,669.86 |
| 12. | John L. Brown, Jr. | 3,829.62 |
| 13. | Crystal Butcher | 4,265.58 |
| 14. | Michael Butcher | 2,406.74 |
| 15. | Thomas E. Butler | 4,071.42 |
| 16. | Marcus Caldwell | 3,549.98 |
| 17. | Roger Cantrell | 3,843.08 |
| 18. | James Richard Clark, Jr. | 3,588.82 |
| 19. | Kevin Coffman | 3,480.00 |
| 20. | Brandon Confer | 3,529.98 |
| 21. | James T. Crippen | 4,029.14 |

| 22. | James L. Davis | 3,123.68 |
| 23. | James Drake | 6,154.46 |
| 24. | Charles Dubose | 6,283.96 |
| 25. | Lee M. Ellam | 3,115.96 |
| 26. | Leonard Ervin | 3,360.86 |
| 27. | David Farmer | 3,012.28 |
| 28. | Roger Faulkner | 2,612.38 |
| 29. | John M. Fellers | 5,391.38 |
| 30. | Jimmy Felton | 5,506.92 |
| 31. | Jason Grimes | 3,667.98 |
| 32. | Robert J. Harris, Jr. | 4,850.24 |
| 33. | Anthony Haynes | 4,776.22 |
| 34. | James L. Hazelhurst | 3,574.60 |
| 35. | Alberto Herrera | 5,896.90 |
| 36. | Jay Holt | 6,258.66 |
| 37. | James William Hughes | 4,425.60 |
| 38. | Jared Hughett | 3,468.72 |
| 39. | Jonathan Jacobs | 5,081.68 |
| 40. | Shelley Jeffers | 4,496.46 |
| 41. | Kenneth A. Johnson | 3,056.86 |
| 42. | Owen R. Johnson | 5,775.06 |
| 43. | Rene Keck | 4,056.08 |
| 44. | Franklin Wayne Lawson | 5,889.16 |

| | | |
|---|---|---|
| 45. | Dennis L. Long | 7,577.86 |
| 46. | George W. Martin | 5,396.14 |
| 47. | Danny McGrew | 3,069.68 |
| 48. | Daniel McKeehan | 3,615.40 |
| 49. | Charles E. Mitchell | 1,886.76 |
| 50. | William C. Moody | 4,734.51 |
| 51. | Brent D. Murphy | 3,496.94 |
| 52. | Todd O'Neal | 5,835.51 |
| 53. | Shane L. Peoples | 7,821.36 |
| 54. | Darrell Renfro | 7,074.96 |
| 55. | Billy Richmond | 3,042.32 |
| 56. | Anthony Ridenour | 4,358.88 |
| 57. | Don Robinson | 5,413.62 |
| 58. | Charles M. Rose | 2,891.78 |
| 59. | Jesse Lee Sanders | 3,293.50 |
| 60. | John Michael Scott | 3,230.30 |
| 61. | Michael Ray Smith | 5,508.78 |
| 62. | Dameon Splawn | 6,401.14 |
| 63. | Jackie Alan Stinson | 3,954.24 |
| 64. | Jacob Stooksbury | 4,385.94 |
| 65. | Julie Tache | 5,808.78 |
| 66. | Andria Tenry | 2,254.68 |
| 67. | Denver Tharp | 3,302.96 |

| | | |
|---|---|---|
| 68. | Javier Rivera Velez | 3,438.86 |
| 69. | Don E. Walker, II | 3,025.84 |
| 70. | Phillip C. Walker | 6,571.06 |
| 71. | Brian K. Wallace | 5,011.88 |
| 72. | Daniel S. Wesner | 4,693.48 |
| 73. | Tony F. White | 6,577.06 |
| 74. | Jerry L. York | 3,538.40 |